UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO PEREZ CASTANO, | No. 1:26-cv-00243-DJC-SCR |
| Petitioner, | |
| v. | ORDER |
| TONYA ANDREWS, et al., | |
| Respondents. | |

    Petitioner Roberto Perez Castano has filed a Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1.) Petitioner is a noncitizen who was born in Cuba. (*Id*. at 2; Opp'n at 2.) In 2005, Petitioner was subject to a final order of removal. (Pet. at 2; Opp'n at 2.) It is undisputed that the Government has been unable to remove Petitioner to Cuba for over twenty years. (Pet. at 2; Opp'n at 2.) Petitioner was recently re-detained by Immigration and Customs Enforcement ("ICE") pending his removal to Cuba. Petitioner requests that the Court order his release. Most relevant for this Order, Ground Four of the Petition seeks release on the basis that Petitioner's detention violates Federal Regulations and the Administrative Procedures Act ("APA"). (Pet. at 17–18.)

    Respondents expressly state that they have no objection to the Court ruling on the substantive habeas petition at this stage based on the information before the

Court. (Opp'n (ECF No. 7) at 1 n.1.) As such, the Court will reach the merits of the Petition. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted. Respondents are ordered to immediately release Petitioner from their custody.

**DISCUSSION**

The Court finds Petitioner has established that his re-detention violates 8 C.F.R. § 241(i)(2). It is undisputed that Petitioner is subject to a final removal order. As such, ICE has the authority to detain Petitioner to affect his removal as a non-citizen. *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231. However, the Government has been unable to remove Petitioner for over twenty years, which resulted in his release from custody. Where a noncitizen subject to a final order of removal has been released, revocation of that release is governed by 8 C.F.R. § 241.13(i). *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025). Section 241.13(i)(2) provides that revocation of release is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred. *See Hoac*, 2025 WL 1993771, at *3. "[W]hen ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed." *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025). Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f). *See Hoac*, 2025 WL 1993771, at *3. These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Here, there is absolutely no indication of a change in circumstances justifying re-detention. It is undisputed that Petitioner remained out of custody for over twenty years due to Respondents' inability to effectuate his removal to Cuba. (Pet. at 2; Opp'n at 2.) There is no indication that Petitioner violated any of the terms of his release in that twenty-year period, nor do Respondents argue that there is a change in circumstances that renders Petitioner a flight risk or danger to the community. Instead, Respondents only assert that re-detention is permitted "if [ICE] 'determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future.'" (Opp'n at 3 (quoting 8 C.F.R. § 241.13(i)(2)).) Respondents argue that re-detention is permissible in this case as "[h]ere, ICE has done just that[,]" in reference to section 241.13(i)(2). (*Id.*) Respondents provide no evidence supporting that assertion, and instead rest on a bare assertion that re-detention is permitted because ICE has made a determination that there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future.

The evidence and arguments presently before the Court does not support that such a change in circumstances has occurred. The Government has been unable to remove Petitioner to Cuba for over two decades. In Respondents' own words: "The United States has unsuccessfully attempted to remove the petitioner back to Cuba since 2005. This is undisputed." (Opp'n at 2.) The plain, unsupported assertion that ICE has determined that there is a significant likelihood that the alien may be removed

3

in the reasonably foreseeable future, without anything more supporting it, is insufficient to establish that any of the factors under 8 C.F.R. § 241.13(f) weigh in favor of a finding that there has been a change in circumstances.  Respondents have thus failed to carry their burden that there has been a change in circumstances.[1] Accordingly, Petitioner's present detention violates 8 C.F.R. § 241.13 and is thus unlawful.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Court GRANTS Petitioner's Petition for Writ of Habeas Corpus as to Ground Four.[2]
2. Respondents are ordered to immediately release Petitioner Roberto Perez Castano from their custody.  Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner a change in circumstances to warrant Petitioner's re-detention.

////
////
////
////
////
////

---

[1] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future.  But it is Respondents' burden to establish a change in circumstances and they are clearly unable to meet that burden at this time.

[2] In the interests of judicial economy, the Court declines to address the remaining grounds in the Petition.

4

4. Petitioner's Motion for Appointment of Counsel (ECF No. 2) is DENIED AS MOOT.

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**January 28, 2026**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE